UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

LAUREN COOK and
TYLER COOK                                                    PLAINTIFFS

vs.                                                    Civil No. 1:24-cv-148-GHD-DAS

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY                                              DEFENDANT

### MEMORANDUM OPINION

Presently before the Court is Defendant Allstate Vehicle and Property Insurance Company's ("Defendant") Motion to Dismiss Certain Counts in Plaintiff's Complaint ("Motion to Dismiss") [Doc. No. 11]. This Motion [11] requests dismissal of all but the Cooks' breach of contract claim. Plaintiffs Lauren and Tyler Cook ("Plaintiffs") responded contending their Complaint [2] states a "plausible claim for relief" able to withstand a 12(b)(6) motion to dismiss. Upon due consideration, the Court finds Defendant's Motion to Dismiss should be granted in part leaving Plaintiffs to pursue solely their breach of contract claim along with their request for emotional distress damages.

### I.    Background

This dispute arises from a homeowner's insurance policy [2]. In their Complaint [2], Plaintiffs allege "wind and/or hail" caused roof damage to their home on October 12, 2022. The couple then made an official claim with Allstate "on or about" August 25, 2023, but Defendant denied their claim because the damage incurred did not meet their insurance policy's one-thousand-dollar deductible [2]. Plaintiffs allege their claim was rejected despite surrounding properties "sustain[ing] similar damage, one of which the [Plaintiffs believed] was also covered by [Defendant], received full roof replacements" [2]. According to Plaintiffs, who allegedly

1

remained in contact with their Allstate representative, Defendant took no further action after rejecting their claim [2]. In January of 2024, Plaintiffs found mold in their home, which they reported to Allstate [2]. Defendant then reopened Plaintiffs' claim but allegedly notified Plaintiffs "their extended roof coverage" would be "dropped" at the end of the policy period [2]. Defendant then alleges Plaintiffs were "discontent with the amount of money [Defendant] estimated for the [P]laintiffs' claims," giving rise to the filing of this current action in the County Court of Lee County, Mississippi [12]. Defendant then removed the action to this Court pursuant to 28 U.S.C. sections 1146 and 1332 [1].

## II. Standard of Review

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions

masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### III.   Discussion and Analysis

Plaintiffs bring multiple claims against Defendant: (1) negligence and gross negligence under the doctrine of *res ipsa loquitur*; (2) bad faith; (3) unfair trade practices; and (4) breach of contract [14]. Plaintiffs also contend Defendant is liable for emotional distress damages [14]. Defendant does not challenge the breach of contract claim in its Motion to Dismiss [11], so the Court will not address it at this time. The Court will discuss the remaining claims in turn.[1]

*Negligence Claim*

Under Mississippi law, "[t]he elements of negligence include 'duty, breach, causation, and injury.'" *Darling Ingredients Inc. v. Moore*, 337 So.3d 214, 216 (Miss. 2022) (quoting *Sanderson Farms, Inc. v. McCullough*, 212 So.3d 69, 76 (Miss. 2017)). Insurers have "a duty to perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation." *Roach v. Allstate Prop. & Cas. Ins. Co.*, No. 3:23-CV-309-KHJ-MTP, 2024 WL 1493805, at *3 (S.D. Miss. Apr. 5, 2024) (quoting *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 627-28 (5th Cir. 2008)). Plaintiffs invoked *res ipsa loquitur* which—if shown—entitles them "to a jury instruction that 'the jury *may*, but is *not bound to*,' infer that the

---

[1] The Court notes at the outset that in this diversity action, the *Erie* doctrine applies; thus, the Court's determinations regarding the Plaintiff's state law claims are guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

defendant was negligent." *Id.* (quoting *Read v. S. Pine Elec. Power Ass'n*, 515 So.2d 916, 920 (Miss. 1987)) (emphasis original). However, "the doctrine is applied with caution" and requires a showing of three elements:

> 1) the instrumentality causing the damage was under the exclusive control of the defendant, 2) the occurrence was such that in the ordinary course of things it would not have happened if those in control of the instrumentality used proper care, and 3) the occurrence was not due to any voluntary act on the part of the plaintiff.

*Darling*, 337 So.3d at 216 (quoting *Huynh v. Phillips*, 95 So.3d 1259, 1262 (Miss. 2012)). Plaintiffs' Complaint [2] fails all three elements.

To be sure, no *controlled* "instrumentality" caused damage in this case. *Id.* Black's Law Dictionary defines "instrumentality" as "a thing *used* to achieve an end or purpose." *Instrumentality*, Black's Law Dictionary (12th ed. 2024) (emphasis added). The only possible "instrumentality" meeting that definition in the case *sub judice* is the wind and hail that caused Plaintiffs' initial roof damage [2]. *Darling*, 337 So.3d at 216. It is impossible for Plaintiffs to show Defendant had exclusive control over the damage causing instrumentality. As a result, Plaintiffs' negligence claim must be dismissed.

### *Gross Negligence Claim*

The Mississippi Court of Appeals has defined gross negligence as "that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *McDonald v. Lemon-Mahler Ins. Agency, LLC*, 183 So.3d 118, 126 (Miss. Ct. App. 2015) (quoting *Dame v. Estes*, 101 So.2d 644, 645 (Miss. 1958)) (internal quotation marks omitted). "The threshold for submitting the question of gross negligence to the jury is higher than the threshold for submitting the question of simple negligence." *Id.* (citing *Allen v. Blanks*, 384 So.2d 63, 67 (Miss. 1980)).

Plaintiffs bear the burden to show Defendant "acted willfully, wantonly, or with reckless disregard of the consequences to the plaintiff." *Id.* at 127 (citing *Low v. Ala. & Vicksburg Ry.*, 32 So. 907, 908 (Miss. 1902)). The record indicates Plaintiffs fail to overcome this burden. Plaintiffs did not make "an official claim" with Defendant until ten months and thirteen days after the storm damaged their roof despite finding the damage "in the subsequent days of the event" [2]. An Allstate representative conducted an "initial inspection," found the damage fell short of the undisputed $1,000.00 deductible outlined in the parties' policy, and denied Plaintiffs' claims [2]. Nothing in this factual scenario shows Defendant "acted willfully, wantonly, or with reckless disregard of the consequences to" Plaintiffs. *McDonald*, 183 So.2d at 127. As a result, Plaintiffs' gross negligence claim must be dismissed.

### *Bad Faith Claim*

We turn now to Plaintiffs' bad faith claim. Notably, a case out of the Southern District of Mississippi is strikingly similar to the case *sub judice* and provides significant guidance on the bad faith claim. *Roach v. Allstate Property and Casualty Insurance Co.* was "a dispute over a homeowner's insurance policy claim" that occurred after the plaintiff's "property sustained wind and hail damage." No. 3:23-CV-309-KHJ-MTP, 2024 WL 1493805, *1 (S.D. Miss. April 5, 2024). The plaintiff alleged the defendant "prematurely closed" his claim, so he brought five causes of action, one of which was bad faith, against the defendant. *Id.* at *1, 2 (internal quotation marks omitted). The defendant insurance company then filed a motion to dismiss. *Id.* at *1.

Under the same standard of review as this case, the district court reasoned a plaintiff must provide facts showing the defendant "denied the claim and/or failed to investigate the claim (1) without an arguable or legitimate basis, either in fact or law, *and* (2) with malice or gross

5

negligence in disregard of the insured's rights" while also acknowledging both factors as questions of law. *Id.* at *2 (quoting *Seibert v. Travelers Cas. & Sur. Co. of Am.*, No. 1:14-CV-188, 2018 WL 2770659, at *5 (S.D. Miss. Mar. 29, 2018)) (internal quotation marks omitted) (emphasis added); see also *U.S. Fid. & Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir. 1992).

That court ultimately dismissed the plaintiff's bad faith claim even though the *Roach* plaintiff alleged more facts and with more specificity than Plaintiffs in the case *sub judice*. *Id.* at *3. That alone is enough to dismiss this claim, but the Court has already shown Plaintiffs have failed to allege sufficient facts to show Defendant denied their claim with malice or gross negligence. Therefore, Plaintiffs' bad faith claim must be dismissed.

### *Unfair Trade Practices Claim*

Although not expressly stated as such in Plaintiffs' Complaint [2] an unfair trade practice claim is a creature of statute found in the Mississippi Consumer Protection Act ("the MCPA"). Miss. Code Ann. § 75-24-5. However, case law reveals homeowner's insurance policies "are not a 'good' or 'service' within the meaning of the MCPA;" nor are they considered "'merchandise' subject to the provisions" of that statute. *Taylor v. Southern Farm Bureau Cas. Co.*, 954 So.2d 1045, 1049 (Miss. Ct. App. 2007) (quoting Burley v. Homeowners Warranty Corp., 773 F. Supp. 844, 863 (S.D. Miss. 1990), *aff'd*, 936 F.2d 569 (5th Cir. 1991)). Plaintiffs' unfair trade practices claim concerns a homeowner's insurance policy that falls outside the MCPA's limits; therefore, it is not facially plausible and must be dismissed.

### *Emotional Distress Damages*

Plaintiffs also asserted in their Complaint [2] Defendant is liable for emotional distress damages [2]. The Mississippi Supreme Court has clarified plaintiffs' "burden for recovery of . . .

emotional distress in breach of contract actions." *Univ. of Southern Miss. v. Williams*, 891 So.2d 160, 173 (Miss. 2004). Specifically, "the plaintiff must show (1) that mental anguish was a foreseeable consequence *of the particular breach of contract*, and (2) that he or she actually suffered mental anguish." *Id.* (emphasis added). Before a court can conduct that analysis, however, there must be a valid breach of contract. *Id.*; *Thomas v. Nationstar Mortgage, LLC*, Civil No. 2:22cv88-HSO-LGI, 2023 WL 2780360, *14 (S.D. Miss. Feb. 6, 2023). In the case *sub judice*, the Defendant's alleged breach of contract has not been proven; therefore, it is too early at this juncture to dismiss Plaintiffs' contention of emotional distress damages.

## IV. Conclusion

For all the foregoing reasons, the Court finds Defendant's Motion to Dismiss Certain Counts in Plaintiff's Complaint [11] should be granted in part and denied in part. Again, Defendant did not challenge Plaintiffs' breach of contract claim in its Motion [11], so the Court refrains from dismissing Plaintiff's emotional distress damages at this time. However, Plaintiffs failed to allege sufficient facts to nudge their negligence, gross negligence, bad faith, and unfair trade practices claims above the speculative level; therefore, those claims must be dismissed.

An order in accordance with this opinion shall issue this day.

THIS the 28th day of October, 2024.

SENIOR U.S. DISTRICT JUDGE